IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID REYES,

    Plaintiff,

vs.

CHRISTOPHER SMITH, et al.,

    Defendants.

No. 2:12-CV-0652-KJM-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' unopposed motion to dismiss (Doc. 14). Plaintiff was informed by the court on July 19, 2012, as to what was necessary for him to oppose a motion to dismiss (Doc. 11).  In addition, the defendants so informed plaintiff again in their notice of motion (Doc. 14).   However, no opposition has been received by the court.

    **I.**    **BACKGROUND**

This action proceeds on plaintiff's original complaint (Doc. 1) against defendants Smith and Heatley.  Plaintiff alleges that defendants Smith and Heatley, as members of the pain management committee, denied him the pain medication he was prescribed by his treating doctor, due to cost control.  The defendants allegedly discontinued all expensive pain medications and nonformulary medications, including the pain medications prescribed plaintiff, including morphine and gabapentin, which had previously been approved.

1

## II. MOTION TO DISMISS

Defendants filed the pending motion to dismiss on the basis that plaintiff failed to exhaust his administrative remedies. They argue that plaintiff submitted two inmate appeals, but neither were sufficient to exhaust his administrative remedies. The first, submitted on or about May 25, 2011, failed to identify the defendants or describe their involvement in the incident. The second, submitted on or about October 9, 2011, involved a different and separate incident, and was not exhausted through the third level of review until after plaintiff initiated this law suit.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The

Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.  Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations.[1]  In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue.  See Cal. Code Regs. tit.

---

[1] These regulations were amended on January 28, 2011.  As plaintiff's inmate appeal was submitted after that date, the updated regulations are cited herein.

15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id. Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures. See Cal. Code Regs. tit. 15, §§ 3084.6(b). If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein. See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a). Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group. See Cal. Code Regs. tit 15, § 3084.2(h).

      Here, defendants argue plaintiff failed to exhaust his administrative remedies as he did not identify the defendants in his inmate appeal nor did he explain their involvement in the medical treatment he was challenging. In order to properly exhaust the administrative remedies, a prisoner must comply with all of the prison system's rules. Those rules require the prisoner to identify the staff member involved in the incident, and to explain that involvement. Here, plaintiff fails to do so. His inmate appeal addresses the termination of his prescription for morphine, but does not identify either of the defendants as involved in that decision. He only states that Dr. Hashimoto, who is not named as a defendant in this action, was responsible for the determination that plaintiff no longer required the medication. As such, it was insufficient to exhaust his administrative remedies against defendants Smith and Heatley.

      Second, defendants argue plaintiff failed to exhaust his administrative remedies prior to initiating this suit. Plaintiff's second inmate appeal also addressed Dr. Hashimoto's decision to stop plaintiff's pain medication. In addition, plaintiff identified the pain management committee as involved in that decision. In his complaint, plaintiff states the defendants were members of that committee. It is questionable whether plaintiff's second appeal would be

sufficient to exhaust his administrative remedies, as it did not specifically identify the staff members but rather only identified the committee. However, the court need not address that issue because even if it was sufficient, plaintiff filed this lawsuit prior to completing the administrative process on that second appeal. The third level decision was not completed until May 30, 2012, but plaintiff had initiated this suit on March 14, 2012. (See Def. Mot. to Dismiss, Exh. D, Doc. 14). A prisoner is required to exhaust his administrative remedies prior to filing a lawsuit, exhausting administrative remedies after the lawsuit is filed is insufficient.

The undersigned therefore finds plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit. By not so doing, he failed to follow all of the procedural rules and he eliminated the prison's opportunity to fully examine the situation and evaluate a possible remedy for plaintiff's situation.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motion to dismissed (Doc 14) be granted, and this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE