IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID REYES,  No. 2:12-CV-0652-KJM-CMK-P

    Plaintiff,

  vs.  ORDER

CHRISTOPHER SMITH, et al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's renewed motion (Doc. 48) for the appointment of counsel.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.
Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

      Plaintiff has not presented any new circumstances since he last sought the appointment of counsel in February 2017.  Accordingly, for the reasons outlined in the court's September 13, 2017, order denying plaintiff's previous request, the current request for counsel is also denied.

      IT IS SO ORDERED.

DATED: August 14, 2018

                                                                                                                          /s/ Craig M. Kellison
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE